**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| RICHARD L. HLAVSA and MARY F. HLAVSA,<br><br>Plaintiffs,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP and BANK OF AMERICA, N.A.,<br><br>Defendants. | Civil Action No.: 1:11-cv-530 |

**NOTICE OF REMOVAL OF ACTION**

PLEASE TAKE NOTICE THAT Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, L.P. ("BAC"), collectively referred to as "Defendants," hereby remove the above-captioned action currently pending in the Court of Common Pleas, Cuyahoga County, to the United States District Court for the Northern District of Ohio. Removal is based on 28 U.S.C. § 1332(d), and authorized by 28 U.S.C. § 1441.

**BACKGROUND**

1. On or about February 7, 2011, Plaintiffs Richard L. Hlavsa and Mary F. Hlavsa ("Plaintiffs") filed a Class Action Complaint ("Complaint" or "Compl."), on behalf of themselves and all others similarly situated, with the Clerk of the Court of Common Pleas, Cuyahoga County (the "State Court Action"). The State Court Action was assigned Docket No. CV-11-748034.

2. BANA and BAC are named as defendants in the Complaint. The Complaint purports to assert claims for breach of contract, for breach of the implied covenant of good faith and fair dealing, and for promissory estoppel.

3. On February 24, 2011, BAC received a copy of the Summons and Complaint in the State Court Action via certified mail. BANA has not yet been served with a copy of the Summons and Complaint in the State Court Action. The February 24, 2011 service of the Summons and Complaint was the first time either Defendant had received a copy of the initial, as-filed pleading in the State Court Action. This removal is therefore timely because BANA and BAC removed the State Court Action within 30 days after the February 24, 2011 receipt of the Summons and Complaint by BAC. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. §§ 1332(d), 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Ohio, which is part of the "district and division" embracing the place where this action was filed – Cuyahoga County, Ohio. See 28 U.S.C. § 115(a).

5. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

6. Although consent to removal is not required under the Class Action Fairness Act, 28 U.S.C. § 1453(b), BAC and BANA both consent to removal of this action.

7. BAC and BANA have satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby remove this Action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1332, 1441 and 1453.

8. Appended hereto as Exhibit A is a copy of the Complaint filed in the Court of Common Pleas, Cuyahoga County. *See* 28 U.S.C. § 1446(a). There were no other process, pleadings, or orders served upon, or otherwise received or filed by Defendants.

9. Appended hereto as Exhibit B is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas, Cuyahoga County, pursuant to 28 U.S.C. § 1446(d).

10. Appended hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal, which will be promptly filed with the Clerk of the Court of Common Pleas, Cuyahoga County, pursuant to 28 U.S.C. § 1446(d).

11. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

12. Based upon the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332(d), 1453**

13. Removal of this case is proper pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453.

14. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of at least one of the Defendants; and (3) the aggregate amount placed in controversy by the claims of the plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15. Number of Class Members. Removal is proper under 28 U.S.C. § 1332(d)(5)(B) because the number of members of the proposed plaintiff class exceeds 100. Plaintiffs contend

that "the class encompasses many hundreds of individuals" and that "hundreds, if not thousands, of Ohio homeowners" are affected by Defendants' alleged conduct. Compl. ¶¶ 5, 48.

16. Citizenship of Parties. Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(d)(2).

17. Plaintiffs are residents of Cuyahoga County, Ohio, and are the borrowers under a loan serviced by Defendants. Compl. ¶¶ 6, 38.

18. Defendant BANA is, and at all times relevant to the State Court Action was, a national bank with its principal and main place of business in Charlotte, North Carolina. Therefore, for the purposes of assessing the citizenship of BANA, it is considered a citizen of North Carolina. *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006).

19. Defendant BAC is a limited partnership formed under the laws of the State of Texas. In assessing diversity of citizenship for a limited partnership like BAC, the citizenship of the partnership's individual partners controls. *Group Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (noting the "accepted rule" that a limited partnership "is a citizen of each State or foreign country of which any of its partners is a citizen"). BAC's only partners are BAC G.P., LLC and BANA L.P., LLC, which are both limited liability companies organized under the laws of Nevada. The citizenship of a limited liability corporation is determined by the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir.2009). The sole member of both BANA L.P., LLC and BAC G.P., LLC is BANA. Thus, because BANA—and, consequently, BAC G.P., LLC and BANA L.P., LLC—is a citizen of North Carolina, BAC is also a citizen of North Carolina for diversity purposes.

20. Because Plaintiffs are citizens of Ohio, and BANA and BAC are citizens of North Carolina, complete diversity exists between the parties.

21. Amount in Controversy. The amount in controversy with respect to the aggregate claims of the class members, exclusive of interest and costs, exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). While Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that certification of any class is proper, the Complaint on its face contends that "the amount in controversy exceeds $5 million." Compl. ¶ 49.

22. Jurisdiction is Mandatory. Jurisdiction is mandatory, not discretionary, under CAFA because Defendants are not citizens of Ohio—the "state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3).

23. No CAFA Exceptions Apply. Although Defendants deny that they bear the burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and (9) are inapplicable, none apply.

First, the exceptions in 28 U.S.C. §§ 1332(d)(4) do not apply because, as already noted, both Defendants are citizens of North Carolina, and no defendant is a citizen of the State in which the Complaint was originally filed – Ohio.

Second, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be in excess of 100. *See* Complaint ¶¶ 5, 48.

Finally, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not relate to the internal affairs and governance of a corporation or other form of business enterprise. 28 U.S.C. § 1332(d)(9); *see generally* Complaint.

## CONCLUSION

By this notice and its attachments, Defendants do not waive any objections they may have as to improper service, jurisdiction, or venue or any other defenses or objections to this

Action or the State Court Action. Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants obtain all additional relief to which they are entitled.

Respectfully submitted,

/s/ James S. Wertheim
James S. Wertheim (0029464)
McGlinchey Stafford, PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Tel.: (216) 378-9914
Fax: (216) 378-9910
E-mail: jwertheim@mcglinchey.com

*Attorney for BAC Home Loans Servicing, LP and Bank of America, N.A*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2011, a true and correct copy of the foregoing Notice of Removal To All Adverse Parties was served by first class mail on the following counsel of record:

James R. Douglass
JAMES R. DOUGLASS CO. LPA
20521 Chagrin Blvd., Suite D
Shaker Heights, Ohio 44122

Marc E. Dann
LAW OFFICES OF MARC DANN
20521 Chagrin Blvd., Suite D
Shaker Heights, Ohio 44122

/s/James S. Wertheim
James S. Wertheim